AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Jose Jesus Advincula-Delgado,<br>Gean Carlos Pachopinto,<br>Kevin Vera, and<br>Octavio Osuna-Osorio<br>*Defendant(s)* | Case No.<br>8:21MJ2030AAS |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 5, 2021__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See affidavit attached.

☑ Continued on the attached sheet.

_____
Complainant's signature

SA Steven M. Ray, CGIS
Printed name and title

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d)

Date: October 14, 2021

_____
Judge's signature

City and state: Tampa, FL

AMANDA A. SANSONE, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Steven M. Ray, being duly sworn, depose, and state:

### Introduction and Agent Background

1. I am a Special Agent with the Coast Guard Investigative Service ("CGIS") and have been employed by CGIS since 2008. Since May of 2011, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), CGIS, the United States Coast Guard ("USCG"), and the United States Attorney's Office of the Middle District of Florida. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

2. From 2008 through 2011, I was a CGIS Agent working in maritime counter-narcotic assignments in San Diego, CA and Key West, FL. Prior to being hired by CGIS, I was employed as a Special Agent of the DEA from 2000 through 2008 serving in Seattle, WA and Yuma, AZ. As a DEA Agent, I served on a Mobile Enforcement Team (MET) with multiple deployments in Washington, Oregon, and Idaho, served on multiple High Intensity Drug Trafficking Areas (HIDTA) Task

forces, a FBI Joint Terrorism Task Force (JTTF), and the Yuma County Narcotics Task Force (YNCTF).

## Statutory Authority

3. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about October 05, 2021, while aboard a vessel subject to the jurisdiction of the United States, the defendants, JOSE JESUS ADVINCULA-DELGADO, GEAN CARLOS PACHOPINTO, KELVIN VERA and OCTAVIO OSUNA-OSORIO did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

4. The averments contained in this Affidavit are based on my personal knowledge and/or reliable information relayed to me by other law enforcement officers with whom I have worked on this investigation. However, because of the limited purpose of this Affidavit, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

## Probable Cause

5.  The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

6.  On October 05, 2021, while on routine patrol in the Eastern Pacific ocean in international waters, a marine patrol aircraft (MPA) detected an unknown Low-Profile Vessel (LPV), in International Waters, approximately 230 nautical miles Northwest of Isla De Coco, Costa Rica. The USCGC ACTIVE was diverted to investigate the suspect LPV. The USCGC ACTIVE launched a helicopter and a small boat with USCG boarding teams onboard to investigate.

7.  The MPA observed people onboard the LPV jettison bales of suspected contraband. The LPV then came to a stop in the vicinity of the jettisoned bale field and began to sink.

8.  The boarding team on the USCG small boat picked up three bales of suspected contraband before arriving to the LPV. The LPV was mostly submerged, with only the top of the vessel above water. The boarding team removed and identified the following crewmembers from the scuttled LPV: JOSE JESUS ADVINCULA-DELGADO, GEAN CARLOS PACHOPINTO, KELVIN VERA and OCTAVIO OSUNA-OSORIO.

9. The vessel had no physical flag flying, no vessel documentation, no registration numbers, no homeport, no name, nor any other markings painted on the hull. No crewmembers made a verbal claim of nationality for the vessel. Therefore, the USCG assimilated the LPV as stateless, therefore subject to the laws of the United States.

10. The USCG boarding team opened a bale of suspected contraband and conducted two tests of the white powder utilizing narcotic identification test kits (NIK) which indicated the positive presence of cocaine.

11. The USCG boarding team then completed a search of the bale field seizing a total of 48 bales of cocaine weighing approximately 987 kilograms. The USCG boarding team seized the cocaine and detained the four crew members.

## Conclusion

12. Based upon the foregoing information, I respectively submit that probable cause exists to believe that the following four defendants named herein, JOSE JESUS ADVINCULA-DELGADO, GEAN CARLOS PACHOPINTO, KELVIN VERA and OCTAVIO OSUNA-OSORIO, while aboard a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

Steven M. Ray
Special Agent, CGIS

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) 4(d), before me this 14 day of October, 2021.

AMANDA A. SANSONE
United States Magistrate Judge

5